Dear Mr. Mead:
This letter is in response to your question asking as follows:
 Opinion Number 65, issued in 1981, stated that an alderman of a fourth class city who abstains from voting, under Section 79.130, RSMo, does not have his abstention counted as a vote. Does this opinion apply to school boards?
We assume that the section to which you refer is § 162.301, RSMo Supp. 1980, with respect to six director school districts. Subsection 3 of that section provides:
 A majority of the board constitutes a quorum for the transaction of business, but no contract shall be let, teacher employed, bill approved or warrant ordered unless a majority of the whole board votes therefor. When there is an equal division of the whole board upon any question except the reemployment of a teacher, the presiding judge of the county court, if requested by at least three members of the board, shall cast the deciding vote upon the question, and for the determination of the question shall be considered a member of the board. (Emphasis added.)
We enclose a copy of our Opinion No. 65 — 1981, which quoted the pertinent part of the court's opinion in State exrel. Stewart v. King, 562 S.W.2d 704 (Mo.App., K.C.D. 1978). It seems clear that because subsection 3 of § 162.301 requires that "a majority of the whole board vote[s] therefor" the Court of Appeals' decision is applicable to such vote of the board of directors of six director school districts. Therefore an abstention would not be counted as a vote under such subsection.
In light of the conclusion we reach, which we feel is required because of the holding in State ex rel. Stewart v. King,supra, we are withdrawing our Opinion No. 62, 7/24/42, Mitchell and Opinion No. 162, 10/13/77, Staples.
Finally, we believe you should be aware that, in our view, the 1978 opinion of the Missouri Court of Appeals in Kansas City conflicts with the holding of the same court in 1932 in Bonsackand Pearce, Inc. v. School District of Marceline, 49 S.W.2d 1085
(K.C. Mo.App. 1932). Therefore, in the absence of appropriate legislation, it is difficult to predict how a different court of appeals district, or the Missouri Supreme Court might rule.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enc: Att'y Gen. Op. No. 65 2/2/81, Strong